Mahon v. Moultrie

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of August, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             SUSAN L. CARNEY,
                      *Circuit Judges*.

_____

KALONJI MAHON,

                      *Plaintiff-Appellant*,

             v.                                           14-3986

DEBORAH MOULTRIE, Grievance Supervisor,
ROSLYN MCCALL, N.Y.C. Corrections Officer,
KIMBERLY WILLIAMS,

                      *Defendants-Appellees*.

JANE DOE, Mail Room Officer (Female), 7-3 tour
on July 10, 2012,

                      *Defendant*.

_____

Appearing for Appellant:     Kalonji Mahon, pro se, Coxsackie, NY.

Appearing for Appellees:     Victoria Scalzo and Pamela Seider Dolgow, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

     Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

     Plaintiff Kalonji Mahon, proceeding pro se, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint, which alleged that two corrections officers denied him access to the courts by mishandling his legal mail. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

     We review de novo a district court's dismissal of a complaint for failure to state a claim, construing the "complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

     Mahon has effectively abandoned any challenge to the district court's dismissal of his complaint by asserting that a state court clerk, not defendants, denied him court access by failing to properly file his motion, which he concedes was received by the state court. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). To state a claim of denial of court access, "a plaintiff must allege that the defendant took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim" and that the defendant's actions resulted in actual injury to the plaintiff. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (alterations and internal quotation marks omitted). Because Mahon now concedes that the corrections officers were not responsible for his alleged injury, he cannot successfully challenge the district court's decision to dismiss his claims against them. *See id.* Likewise, Mahon's request that he be allowed to replead must fail: he no longer asserts any claims against the corrections officers and acknowledges that he later sued the state court clerk in a separate action that has already been dismissed. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that futile requests to replead should be denied). Additionally, Mahon's attempt to challenge the district court's denial of reconsideration is unsuccessful: we lack jurisdiction to review the denial of reconsideration because Mahon did not file an amended notice of appeal challenging that decision. *See* Fed. R. App. P 4(a)(4)(B)(ii); s*ee also Sorensen v. City of New York*, 413 F.3d 292, 295-96 (2d Cir. 2005).

     We have considered the remainder of plaintiff's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

                     FOR THE COURT:
                     Catherine O'Hagan Wolfe, Clerk