12-2836 (L)
*Adams v. New York State Education Department*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
>
> *Circuit Judges*.

_____

JOY HOCHSTADT, NICHOLAS PENKOVSKY,

*Appellants*,

TWANA ADAMS, *et al.*,

*Plaintiffs*,

v.

NEW YORK STATE EDUCATION DEPARTMENT, *et al.*,

*Defendants-Appellees*,

No. 12-2836-cv (L);
No. 12-2839-cv (Con),

MARYANN FAIRMAN, *et al.*,

                    *Defendants.*

_____

                              JOY HOCHSTADT AND NICHOLAS PENKOVSKY, *pro se*, New York, New York, for *Appellants*.

                              Michael A. Cardozo, Corporation Counsel of the City of New York, Kristin M. Helmers, Janet L. Zaleon, of Counsel, New York, New York (*on submission*), *for Defendants-Appellees*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court (Marrero, *J*; Peck, *M.J.*) are **AFFIRMED**.

In the appeal docketed at 12-2839-cv, Appellant Nicholas Penkovsky, an attorney proceeding *pro se*, appeals from the district court's order denying his motion for an extension of time to file a notice of appeal from the district court's order imposing sanctions against him pursuant to Federal Rule of Civil Procedure 11. In the appeal docketed at 12-2836-cv, Appellant Joy Hochstadt, an attorney proceeding *pro se*, appeals from the magistrate judge's ("MJ") orders denying her requests for reconsideration of the same order, which also imposed sanctions against her pursuant to Rule 11. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.    Penkovsky, 12-2839-cv**

We review "for abuse of discretion a district court's decision to grant or deny an extension of time to file a notice of appeal." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004). Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the district court may extend the thirty-day window to file a notice of appeal if a "party shows excusable neglect or good cause." In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court set forth four factors to be considered when a party asserts "excusable neglect" as justification for missing a judicial deadline. These factors are: "(1) 'the danger of prejudice' to the party opposing the extension; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control' of the party seeking the extension; and (4) whether the party seeking the extension 'acted in good faith.'" *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). "While th[e]se factors are the central focus of the inquiry, the ultimate determination depends upon a careful review of 'all relevant circumstances.'" *Id.*

Here, Penkovsky sought an extension of time to file his notice of appeal on May 18, 2012 – thirty-eight days after the district court's April 10, 2012 order imposing sanctions. Penkovsky stated that he had been unable to file a notice of appeal within thirty days

3

because, on May 2, 2012, his former spouse received an eviction notice and his attention subsequently became "almost entirely focused" on that matter. In applying the *Pioneer* factors to the instant appeal, we conclude that the opposing party arguably would not have suffered prejudice if the extension had been granted (as the sanctions were payable to the district court). However, at least two of the *Pioneer* factors favor the district court's denial of Penkovsky's motion. Specifically: (1) an extension to file a notice of appeal – a document that simply needed to identify what orders Penkovsky sought to appeal – would have only further delayed the resolution of this case, which has been ongoing since 2008; and (2) the reason for Penkovsky's delay related to an incident occurring from May 2, 2012 onward, leaving him twenty-two days before that date to file a timely notice of appeal, an opportunity Penkovsky does not explain foregoing. As to the fourth *Pioneer* factor, we simply note that Penkovsky consistently failed to comply with the district court's orders and, for over sixteen months, did not pay the sanctions imposed on him until the district court warned him that he would be arrested barring payment. Accordingly, considering "'all relevant circumstances,'" it cannot be said that the district court abused its discretion in denying Penkovsky's motion for an extension of time to file his appeal. *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d at 129 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

**II.     Hochstadt, 12-2836-cv**

We review the denial of a motion for reconsideration for abuse of discretion. *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003). A district court abuses its

4

discretion when its decision: (1) is based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence"; or (2) "cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted). Local Rule 6.3 permits a party to move for reconsideration based on "matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. Local R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, the MJ did not abuse its discretion in denying Hochstadt's requests for reconsideration of the district court's sanctions order, because the district court did not abuse its discretion in imposing sanctions on Hochstadt in the first place. Rule 11(b)(2) requires "the claims, defenses, and other legal contentions" presented in a pleading to be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). This Rule "establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." *Gurary v. Winehouse*, 235 F.3d 792, 797 (2d Cir. 2000) (quoting advisory committee's notes to 1993 amendments). In her filings here and in the district court, Hochstadt has not challenged the general factual basis for her Rule

5

11 sanction – specifically, that she filed a complaint containing arguments that had either been previously dismissed by the court or that the court had advised her to withdraw because they were frivolous.[1] Hochstadt has instead argued that, to the extent she included sanctionable claims in the fourth amended complaint, the inclusion was the mistake of an overwhelmed and inexperienced solo practitioner. This "empty-head pure-heart" justification is insufficient to protect her from Rule 11 sanctions. *See Gurary* 235 F.3d at 797. Accordingly, the MJ did not err in denying Hochstadt's requests for reconsideration of the sanctions order.

For the foregoing reasons, the orders are hereby **AFFIRMED**. It is further ordered that Penkovsky's pending motion to strike portions of Hochstadt's brief, reply brief, and supplemental appendix be **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Hochstadt's continued assertion that she did not actually write or sign the fourth amended complaint is unavailing because, as the MJ and district court noted, she did not disavow the complaint and continued to advocate it.

6