Andrew **WILLIAMS**, Plaintiff,

v.

Jean G. **KING**, Deputy Superintendent of Program (DSP), Imam Abdul Latif, Facility Muslim Chaplain, Lt. W. Mead, C.O. R. Huggler, and Lt. S. Katz, Defendants.

No. 11–cv–1863 (SAS).

United States District Court, S.D. New York.

Signed Sept. 19, 2014.

---

**33.** *Id.* at 937.

**34.** *Id.* at 938.

**36.** *Stebbins,* 528 F.2d at 937 n. 4.

Rebecca Lauren Rettig, Esq., Jacqueline Dorothy Harrington, Esq., Cravath, Swaine & Moore LLP, New York, NY, for Plaintiff.

Inna Ringh, Michael J. Keane, Jeb Harben, Assistant Attorneys General, Office of the New York State Attorney General, New York, NY, for Defendants.

### MEMORANDUM OPINION AND ORDER

SHIRA A. SCHEINDLIN, District Judge:

### I. INTRODUCTION AND BACK-GROUND

In an Opinion and Order dated August 11, 2014 ("August 11 Order"), I granted in part and denied in part Defendants' motion for summary judgment.[1] Williams now requests reconsideration of the Court's dismissal of his First Amendment retaliation claims against Defendants Katz and Huggler. Additionally, Williams seeks confirmation that the trier of fact will hear his retaliation claims against Defendants King and Mead relating to the 2010 disciplinary hearing. In a joint letter to the Court dated September 11, 2014, the parties stated their respective positions.[2]

For the following reasons, summary judgment is granted as to Katz and Huggler on the retaliation claims relating to the May 2010 cell search. Additionally, Williams's retaliation claims relating to the February 2013 cell search and the 2010 disciplinary hearing are hereby dismissed.

### II. MOTION FOR RECONSIDERATION STANDARD

"The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[3] Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[4] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[5]

### III. DISCUSSION

#### A. Williams's Factual Clarifications Are Adopted, But Do Not Affect the August 11 Order

Williams asserts that the August 11 Order dismissing the 2010 retaliation claims against Katz and Huggler overlooked the

---

1. *See Williams v. King,* No. 11 Civ. 1863, 56 F.Supp.3d 308, 2014 WL 3925230 (S.D.N.Y. Aug. 11, 2014). The Court assumes the parties' familiarity with the facts.

2. *See* 9/11/14 Letter from Rebecca Rettig and Alexander J. Scolnik, Counsel for Williams, and Michael J. Keane and Inna Ringh, Counsel for Defendants ("Reconsideration Letter").

3. *Hochstadt v. New York State Educ. Dept.,* 547 Fed.Appx. 9, 10 (2d Cir.2013) (citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995)).

4. *In re Initial Pub. Offering Sec. Litig.,* 399 F.Supp.2d 298, 300 (S.D.N.Y.2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.,* Nos. 05 Civ. 3430, 05 Civ. 4759, and 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006).

5. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir.2013) (citing *Virgin Atl. Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)).

fact that Williams properly exhausted his grievance relating to the cell search.[6] "Defendants [now] concede that Williams exhausted his administrative remedies concerning his claims against defendant Huggler," but argue that Williams failed to exhaust this claim against Katz because he was not specifically identified in the grievance.[7] Additionally, Defendants argue that the claim against Katz is time-barred.[8] The Second Circuit has held that "a New York state prisoner is not required to name responsible parties in a grievance in order to exhaust administrative remedies."[9] Indeed, so long as " 'the plaintiff's grievance sufficiently alerted prison officials that he was alleging some wrongdoing beyond that alleged against the individual or individuals specifically named in the grievance,' " the Court may find that the grievance meets the PLRA exhaustion requirements.[10]

■ In the grievance, Williams requested information about who authorized, Huggler to search his cell.[11] The grievance was investigated and responded to and Williams was informed that Katz ordered Huggler to conduct the cell search.[12] Woodbourne prison officials were thus suf-

ficiently alerted that Williams was alleging some wrongdoing beyond that of Huggler's search of the cell. Accordingly, I find that Williams fully exhausted his administrative remedies with respect to Katz and Huggler on the May 2010 cell search grievance as required by the PLRA.[13] The retaliation claim against Katz is also timely as Williams filed a motion to amend his complaint to add the 2010 retaliation claim against Katz on May 9, 2013, within three years of the date on which the claim arose.[14]

■ Nonetheless, Williams has failed to state a retaliation claim against Katz and Huggler with respect to the May 26, 2010 cell search. As stated in the August 11 Order, while the Second Circuit has held that a cell search may not constitute an adverse action, the alleged planting of evidence and other allegedly disproportionate administrative actions that follow can.[15] Where Williams's claim fails, however, is the absence of any proof of causal connection between the cell search and retaliation for exercising his First Amendment rights by bringing his earlier grievances. To support his claim, Williams

---

6. *See* Reconsideration Letter at 1.

7. *Id.* at 4.

8. *See id.* at 5.

9. *Espinal v. Goord*, 558 F.3d 119, 126 (2d Cir.2009).

10. *Stewart v. Fischer*, No. 11 Civ. 2184, 2013 WL 5637715, at *6 (S.D.N.Y. Oct. 15, 2013) (citations and quotations omitted).

11. *See* 6/22/10 Williams Grievance, WB 14857–10, Bates 162, Ex. 16 to Rettig Decl.

12. *See* Letter from Huggler to Sgt. J. Bowers, Re: Grievance WB 14857–10, Bates 170, Ex. 16 to Rettig Decl.

13. The claims relating to the 2013 cell search and subsequent disciplinary hearing are dis-

missed as unexhausted. While Williams argues that he exhausted his administrative remedies for this grievance, the purported grievance was not submitted in opposition to Defendants' motion for summary judgment. Thus there is no evidence that this claim was exhausted.

14. *See* 5/3/13 Notice of Motion to Supplement/Amend Complaint. "When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitation purposes." *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir.2000).

15. *See* August 11 Order, 2014 WL 3952530, at *10.

again offers the statement of Defendant Latif allegedly made prior to the cell search about the possibility of a misbehavior report for his "continuous complaints." In the August 11 Order I already considered this statement as evidence against King.[16] I again hold that while Latif's statement is admissible as a statement of a party-opponent, his stray comment standing alone is insufficient to raise a triable issue of fact regarding a retaliatory motive by either Katz or Huggler and in any event relates to a possible misbehavior report rather than a cell search. Because there is insufficient evidence of any causal connection between Williams's filing of prior grievances and the cell search, summary judgment is granted to Katz and Huggler on the retaliation claims.

### B. The Retaliation Claims against King and Mead Related to the 2010 Disciplinary Hearing Are Dismissed

Williams seeks clarification on whether the trier of fact will hear the First Amendment retaliation claims against (1) King for appointing a biased hearing officer for Williams's disciplinary hearing relating to the May 2010 cell search, and (2) Mead for conducting the hearing in a biased manner (collectively, the "Hearing Retaliation Claims").[17] Williams argues that because Defendants failed to move against the Hearing Retaliation Claims in their summary judgment motion they have thus waived their opportunity to do so now.[18] Defendants contend that they did not move against the Hearing Retaliation Claims because they believed that Williams voluntarily withdrew those claims by the March 19, 2014 Stipulation of Dis-

missal With Prejudice.[19] In the Stipulation, Williams agreed to dismiss the 2009 Free Exercise claim against Katz, the RLUIPA claim against all Defendants, and the Due Process claim against Mead arising out of the disciplinary hearing related to the May 2010 cell search.[20]

By withdrawing his due process claim as to the conduct of that hearing, it was reasonable to assume that Williams was no longer challenging that hearing in any respect. As a result, all claims relating to that hearing, including King's appointment of Mead as the hearing officer, and Mead's actions in that hearing, are dismissed. Accordingly, no remaining claims related to the hearing will be heard by the trier of fact.

## IV. CONCLUSION

For the reasons given above, the August 11 Order is clarified and summary judgment is granted in the following respects:

1) Defendants' summary judgment motion as to Williams's First Amendment retaliation claims against Katz and Huggler is granted;

2) Williams's retaliation claim relating to the February 2013 cell search and subsequent disciplinary hearing is dismissed;

3) Williams's retaliation claims against King and Mead related to the 2010 disciplinary hearing are dismissed.

The August 11 Order remains in effect in all other respects.

SO ORDERED.

---

16. *See id.*

17. *See* Reconsideration Letter at 6.

18. *See id.*

19. *See* 3/19/14 Stipulation of Dismissal with Prejudice ("Stipulation").

20. *See id.*