Williams v. King

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of March, two thousand seventeen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                  *Circuit Judges*.

_____

ANDREW WILLIAMS,

                  *Plaintiff-Appellant*,

          v.                                          15-1855-cv

JEAN G. KING, Deputy Superintendent of Programs (DSP)
Services, IMAM ABDUL LATIF, Facility Muslim Chaplain,
LIEUTENANT W. MEAD, R. HUGGLER, Correction Officer,
LIEUTENANT S. KATZ,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Andrew Williams, pro se, Bronx, NY.

Appearing for Appellee:      Karen W. Lin, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrew A. Amend, Senior Assistant Solicitor General), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*) (Francis, IV, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED IN PART, VACATED IN PART**, and **REMANDED** for further proceedings consistent with this order.

Appellant Andrew Williams, a prisoner proceeding pro se, appeals from the April 30, 2015 judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*) in favor of Defendants-Appellees prison officials following a four-day jury trial.

Williams's pro se complaint asserted claims for violations of his free exercise and due process rights based on prison officials allegedly precluding him from participating in certain religious holidays. He also asserted claims for retaliation based on grievances he filed about the alleged free exercise and certain due process violations. Following the district court's dismissal of Williams's retaliation claims on summary judgment, a jury returned a verdict in favor of the Defendants-Appellees on his remaining claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of issues for review. We address Williams's challenges in turn.

First, Williams challenges the district court's summary judgment dismissal of his retaliation claims against Defendants-Appellees King, Katz, and Huggler arising out of the search of his prison cell. We review a district court's grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Upon such review, we conclude that the district court properly dismissed these claims because Williams failed to demonstrate King's personal involvement or a causal connection between Williams's grievance against King and the cell search ordered by Katz and conducted by Huggler. We affirm the judgment for substantially the reasons stated by the district court in its thorough October 11, 2014 and September 19, 2014 decisions.

Second, Williams challenges the district court's denial of leave to amend his complaint to add a claim against Superintendent Cunningham for affirming the denial of Williams's grievance based on the alleged deprivation of his ability to participate in certain religious holidays in 2009. Although we ordinarily review denial of leave to amend for abuse of discretion, where, as here, "the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a de novo review." *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (internal quotation marks and citation omitted). Even were the district court's denial of leave to amend erroneous, any error was harmless because the jury ultimately concluded that the underlying conduct of which Williams complained did not rise to

the level of a constitutional violation. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

Third, Williams challenges the district court's failure to preclude testimony by Imam Mumbdi at trial. We generally review a district court's evidentiary rulings for abuse of discretion. *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007). If a party fails to object before the district court, we review for plain error, which "should only be invoked with extreme caution in the civil context." *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir. 1996) (internal quotation marks and citation omitted). "Only where an unpreserved error is so serious and flagrant that it goes to the very integrity of the trial will a new civil trial be warranted." *Id.* (internal quotation marks, citation, and brackets omitted). Again, even if the district court's failure to preclude Mumbdi's testimony were erroneous, any error was harmless. The jury ultimately found that the Defendants-Appellees' policy regarding Shi'ite-specific registration was discriminatory, but that the policy was justified by a legitimate penological interest. And Williams does not challenge the latter finding on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that a pro se litigant abandons an issue by failing to address it in his appellate brief). Williams also challenges the district court's denial of his motion for a new trial based on Mumbdi's testimony, and to add Mumbdi as a defendant. However, Williams did not file an amended notice of appeal from the district court's order denying his postjudgment motion, and we therefore lack jurisdiction to review that order. *See Sorensen v. City of New York*, 413 F.3d 292, 295-96 (2d Cir. 2005).

Fourth, Williams challenges the district court's failure to address certain allegations in his complaint. However, Williams's pro bono counsel chose not to pursue the claims of which Williams now complains, and Williams is bound by the actions of counsel on his behalf. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *cf. Jackson v. Fed. Express*, 766 F.3d 189, 197-98 (2d Cir. 2014) (observing that claims or defenses not referenced in a counseled response to a motion may be deemed abandoned).

Finally, Williams challenges the district court's dismissal of his retaliation claims against King and Mead arising out of his disciplinary hearing. Williams sought clarification from the district court that his retaliation claims against King and Mead survived summary judgment, because Defendants-Appellees failed to move against these claims in their summary judgment motion. Defendants-Appellees argued that they did not move against these claims because they believed Williams had withdrawn all claims based on the disciplinary hearing when he stipulated to the dismissal of his due process claim against King and Mead. Alternatively, Defendants-Appellees argued that Williams abandoned the only adverse action that would support his retaliation claims. The district court agreed with Defendants-Appellees, that "[b]y withdrawing his due process claim as to the conduct of that hearing, it was reasonable to assume that Williams was no longer challenging that hearing in any respect." Memorandum Op. & Order, *Williams v. King*, 11-cv-1863 (S.D.N.Y. Sept. 19, 2014), Dkt. No. 106 at 7.

We conclude that the district court erred in dismissing Williams's retaliation claims against King and Mead based on the disciplinary hearing. First, as a factual matter, Defendants-Appellees' argument that they did not move for summary judgment on this claim because they believed Williams's stipulation withdrew the retaliation claim is belied by the fact that

Defendants-Appellees moved for summary judgment over two months *before* the stipulation. Moreover, the stipulation dismissing Williams's due process claim based on the disciplinary hearing does not explicitly dismiss Williams's retaliation claim. Second, as a legal matter, a plaintiff may prevail on a retaliation claim even where he does not pursue a claim based on the underlying conduct. To prove his First Amendment retaliation claim, Williams must prove, among other things, that Defendants-Appellees took an adverse action against him, not necessarily that such action was a due process violation. *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (stating the elements of a First Amendment retaliation claim). "We have previously instructed district courts to approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official-even those otherwise not rising to the level of a constitutional violation-can be characterized as a constitutionally proscribed retaliatory act." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation and internal quotation marks omitted).

Because the district court improperly granted summary judgment on Williams's retaliation claims against King and Mead based on the disciplinary hearing, we reinstate Williams's claim. Therefore, we vacate the grant of summary judgment on the retaliation claim and remand for the district court to undertake further proceedings consistent with this order.

We have considered the remainder of Williams's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4