18-568-pr
Williams v. King

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand nineteen.

Present:      ROSEMARY S. POOLER,
              RAYMOND J. LOHIER, JR.,
              SUSAN L. CARNEY,
                    *Circuit Judges*.
_____

ANDREW WILLIAMS,

                    *Plaintiff-Appellant*,

              v.                                                      18-568-pr

JEAN. G. KING, DEPUTY SUPERINTENDENT OF
PROGRAM (DSP) SERVICES, IMAM ABDUL LATIF,
FACILITY MUSLIM CHAPLAIN, LIEUTENANT W. MEAD,
R. HUGGLER, CORRECTION OFFICER, LIEUTENANT S. KATZ,

                    *Defendants-Appellees*.
_____

Appearing for Appellant:      Andrew Williams, pro se, Bronx, N.Y.

Appearing for Appellees:      Andrew W. Amend, Mark H. Shawhan, Assistant Solicitors
                              General, *for* Letitia A. James, Attorney General of the State of
                              New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Andrew Williams, pro se, appeals from the January 25, 2018, judgment of the United States District Court for the Southern District of New York (Schofield, *J.*) granting Defendants-Appellees summary judgment on Williams's claim that Defendants-Appellees illegally retaliated against Williams for exercising his First Amendment rights. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The present issue comes before us after extensive litigation on Williams's claims. With leave of court, Williams filed a second amended complaint in June of 2013, alleging that prison officials precluded him from participating in certain religious holidays and retaliated against Williams based on grievances he filed regarding alleged free exercise and due process violations. Specifically, Williams alleged that Jean King, the acting superintendent of Woodbourne Correctional Facility, assigned Lieutenant William Mead to oversee Williams's disciplinary hearing after corrections officers discovered contraband in Williams's prison cell. Williams also alleged that Mead violated his due process rights during that hearing in retaliation for Williams filing a grievance against King. After Defendants-Appellees moved for summary judgment, Williams withdrew his procedural due process claim against Mead. The district court granted summary judgment on some of the claims but did not specifically address Williams's retaliation claims against King and Mead. After Williams requested clarification on whether the retaliation claim would proceed to trial, the district court dismissed the claim, reasoning that when Williams withdrew his procedural due process claim, he also withdrew the related retaliation claim.

After a trial on the remaining claims, the jury found in favor of Defendants-Appellees. Williams appealed that verdict and the district court's grant of partial summary judgment, and we affirmed in part but vacated the judgment and remanded the case with respect to Williams's First Amendment retaliation claim. *See Williams v. King*, 679 F. App'x 86, 87-88 (2d Cir. 2017) (summary order). On remand, Defendants-Appellees moved for summary judgment on Williams's First Amendment retaliation claim, and the district court granted the motion.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

**A. Waiver**

Williams argues that the district court should not have entertained Defendants-Appellees' second summary judgment motion because Defendants-Appellees failed to address the First

Amendment retaliation claim in their original summary judgment motion. A district court "enjoy[s] considerable discretion in entertaining successive dispositive motions." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004). District courts may consider the merits of successive motions where, as here, later events in the proceedings affected the factual record and gave the movant reason to make a second motion. *See Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012) (noting that the district court did not abuse its discretion when later events in the proceedings gave movant reason to make a second summary judgment motion to address a previously unaddressed issue).

Here, the record shows that there was confusion between the parties and the district court over which claims were included in Defendants-Appellees' summary judgment motion, which claims were withdrawn, and whether the First Amendment retaliation claim was asserted in the second amended complaint. Given this confusion and the remand in Williams's first appeal, the district court did not abuse its "considerable discretion" by considering Defendants-Appellees' second motion for summary judgment. *Sira*, 380 F.3d at 68.

## B. King

Williams also argues that the district court erred by granting summary judgment to King. To prevail on a First Amendment retaliation claim, "a prisoner must show . . . (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks omitted). Williams has failed to show a causal connection between his grievances and the 2010 disciplinary hearing, the third element to a retaliation claim. Williams has not presented evidence showing that King was motivated to assign Mead to the hearing because of the grievances Williams filed against her. Indeed, available evidence is to the contrary: Mead was assigned to the hearing because the only other available officer, Lieutenant S. Katz, could not conduct the hearing.

Williams argues that statements by Abdul Latif, Woodbourne's Muslim chaplain, and non-party corrections officers show that King was retaliating against him for filing a grievance. However, the non-party corrections officers' statements are inadmissible hearsay and cannot defeat summary judgment. *See* Fed. R. Evid. 802; *Fitzgerald v. Henderson*, 251 F.3d 345, 360-61 (2d Cir. 2001). Latif's comments are admissible as party-opponent statements. Fed. R. Evid. 801(d)(2). Williams states that Latif told him to be "careful" because he could receive a misbehavior report based on his grievances. After Williams received the misbehavior report, he states that Latif approached him and said, "I told you to leave that woman [King] alone." While admissible, these statements are insufficient to defeat summary judgment. Latif's comments do not address whether King appointed Mead with a retaliatory motive—they merely refer to the issuance of the misbehavior report. In addition, Williams offered no evidence to show that Latif was privy to the disciplinary process or to the decisions made by King. At most, therefore, Williams's claim that King's appointment of Mead as hearing officer was retaliatory is speculative. *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Therefore, the district court properly granted summary judgment to King.

3

**C. Mead**

The district court also properly granted summary judgment to Mead. Williams failed to adduce sufficient evidence of a causal connection between his grievance against King and Mead's actions at the disciplinary hearing. Specifically, Williams offered no evidence showing that Mead was aware that Williams had filed a grievance against King, and Mead submitted a declaration averring that at the time of the hearing, he was unaware of any grievances that Williams had made. The only evidence demonstrating a retaliatory motive is temporal proximity which, alone, is insufficient to defeat summary judgment. *Cf. Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (noting that "circumstantial evidence" of temporal proximity and prior evidence of a prisoner's good behavior alone would not be sufficient to survive summary judgment but were compelling where the appellant had "circumstantial and direct evidence of retaliation").

We have considered the remainder of Williams's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4