Anette SORENSEN, Plaintiff–Appellant,

v.

THE CITY OF NEW YORK, Gregory Ajose and Neil Pero, Defendants–Appellees,

John Doe 1–5, in their individual and official capacities, Angelo Bevilacqua, Coleen Gillis, Maria Rios, Sheryl Williams, Jane/John Does # 7–10, in both their individual and official capacities, Defendants.

No. 00–7067–CV.

United States Court of Appeals, Second Circuit.

Argued: Feb. 25, 2005.

Decided: June 29, 2005.

Michael Q. Carey, Carey & Associates, New York, NY, for Plaintiff–Appellant.

Janet L. Zaleon, Assistant Corporation Counsel of the City of New York, (Michael A. Cardozo, Corporation Counsel, on the brief, and Kristin M. Helmers, Patricia B. Miller, Eamonn Foley, William Fraenkel, and Genevieve Nelson, of counsel), New York, NY, for Defendants–Appellees.

Before: LEVAL, CABRANES and KATZMANN, Circuit Judges.

LEVAL, Circuit Judge.

The principal question raised by this appeal is whether a notice of appeal from a judgment that, while adverse to the appellant on some claims, is favorable to the appellant on the particular claim in question, serves to appeal from a subsequent amended judgment, which vacates the prior favorable judgment on the claim, substituting an adverse judgment in its place. We rule that it does not. A new, or amended, notice of appeal must be filed after entry of the adverse judgment.

Plaintiff Anette Sorensen appeals from several partial judgments and a final judgment against her in the United States District Court for the Southern District of New York (Harold Baer, Jr., *J.*). Because Sorensen failed to file a timely notice of appeal after the final judgment, and because she failed to renew or amend an earlier notice of appeal so as to appeal a partial judgment newly rendered against her on the disposition of a post-trial motion, her appeal is in part dismissed. Insofar as plaintiff properly noticed her appeal,

we reject her claims and affirm the judgment of the district court.

## Background

In much abbreviated form, the basic facts are as follows: Sorensen, a citizen of Denmark, brought this action against the City of New York and various police officers, arising out of her arrest on charges of recklessly endangering her child. Sorensen had left her baby in a baby carriage on the sidewalk outside the window of an East Village restaurant, while she and Exavier Wardlaw, the father of the child, ate in the restaurant, surveilling the carriage through the restaurant window, a practice Sorensen asserted was commonplace where she lived in Denmark. The police responded to a 911 call about an unattended baby in a carriage on the street. After Wardlaw argued with the police, he was arrested for disorderly conduct and endangering the welfare of a child. Sorensen was then also arrested for endangering the welfare of her child. The police did not advise Sorensen of any right to seek assistance from Danish consular authorities, as required by the Vienna Convention on Consular Relations, *opened for signature* April 24, 1963, art. 36, 21 U.S.T. 77, 596 U.N.T.S. 261 (ratified Nov. 24, 1969) [hereinafter "Vienna Convention"]. Following her arrest, Sorensen was held in custody for almost forty-two hours, until her arraignment. A few days later, the case against her was adjourned in contemplation of dismissal, and subsequently lapsed without prosecution.

Sorensen and Wardlaw brought suit against the City of New York and several New York City police and correctional officers. Their complaint pursuant to 42 U.S.C. § 1983 asserted, *inter alia,* claims of false arrest, unconstitutional strip search, unlawful imprisonment, and viola-

tion of Sorensen's rights under the Vienna Convention. The case proceeded to a jury trial, which resulted in a verdict in favor of Sorensen on her Vienna Convention and strip search claims, awarding her compensatory damages. The jury also awarded punitive damages, although it is unclear whether they were for the Vienna Convention or strip search claim. The jury ruled against Sorensen and Wardlaw on all other claims. On December 29, 1999, the district court entered judgment, in favor of Sorensen on the Vienna Convention and strip-search claims, and against her on all other claims. Sorensen filed a timely notice of appeal on January 25, 2000.[1]

After the trial, both sides made various post-trial motions. The defendants moved pursuant to Fed.R.Civ.P. 50(b) for judgment as a matter of law to set aside the judgment in favor of Sorensen on her Vienna Convention claim. Subsequent to Sorensen's filing of her notice of appeal, the district court granted this motion based on its conclusion that the Vienna Convention does not confer enforceable individual rights, and therefore does not furnish a basis for liability under 42 U.S.C. § 1983. *Sorensen v. City of New York,* 98 Civ. 3356, 2000 WL 1528282, at *2—*7, 2000 U.S. Dist. LEXIS 15090, at *7—*21 (S.D.N.Y. Oct.16, 2000).

The district court also ordered a new trial on the unlawful imprisonment claim and on damages for the strip search. 2000 WL 1528282, at *13—*14, 2000 U.S. Dist. LEXIS 15090, at *41, *46. After the second trial, the jury returned verdicts in favor of defendants on both of these issues. The court entered judgment for the defendants on September 24, 2003. Sorensen filed post-trial motions following the second trial. These motions, however, were not timely filed, and the district court

---

1. Wardlaw is not a party to this appeal.

therefore dismissed them on December 16, 2003. Sorensen filed a second notice of appeal on December 31, 2003, seeking both to appeal the December 16, 2003 Order and to amend her January 25, 2000 notice of appeal. Sorensen also filed a motion for reconsideration of the December 16, 2003 Order, which the district court dismissed on March 15, 2004. Sorensen then filed a third notice of appeal on March 24, 2004, appealing the March 15, 2004 Order, and seeking to amend her two previously filed notices of appeal.

## Discussion

Among Sorensen's numerous contentions on appeal is that the district court erroneously dismissed her claim under the Vienna Convention based on the mistaken view that the Convention is not enforceable by a private party's claim. The defendants contend Sorensen did not properly preserve that claim on appeal by filing a timely notice of appeal. Unless a timely notice of appeal was filed, her claim is not properly before us. Fed. R.App. P. 3(a)(1).

■■■■ Because Sorensen did not file a timely notice of appeal following the entry of final judgment after the conclusion of the second trial, she cannot rely on such a notice to cover previously entered partial judgments. See 28 U.S.C. 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts ...."). Final judgment following the second trial was entered on September 24, 2003. Sorensen's notice of appeal was filed on December 31, 2003. This notice of appeal was therefore well outside the 30 days allowed by Fed. R.App. P. 4(a)(1)(A). Sorensen's filing of her post-trial motions would have tolled the time for filing a notice of appeal, but only if the motions were "timely" filed. Fed. R.App. P. 4(a)(4)(A) ("If a party time-

*ly* files in the district court any of the following motions ..., the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion ...." (emphasis added)). As the district court found in its December 16, 2003 Order, and Sorensen does not contest on this appeal, Sorensen's post-trial motions after her second trial were not timely filed. Their filing accordingly did not toll the time for filing the notice of appeal from the final judgment. We therefore conclude that Sorensen did not file a timely notice of appeal from the final judgment entered after the second trial. Her final two notices of appeal were timely to appeal from the denial of the post-trial motions following the second trial, but not to preserve an appeal from the final judgment or from any of the partial judgments previously rendered.

■■■■ We next consider whether Sorensen's first notice of appeal filed on January 25, 2000, after the entry of judgment in the first trial, effectively preserved her appeal from the court's subsequent amendment of the judgment which resulted in the denial of her claim under the Vienna Convention. We find that it did not.

Sorensen filed her first notice of appeal after the district court entered judgment following the first trial (which was in her favor on her Vienna Convention claim), but *before* the district court granted the defendants' post-trial motion under Rule 50(b) and ordered judgment as a matter of law denying Sorensen's Vienna Convention claim. Rule 4, Fed. R.App. P., is somewhat ambiguous as to whether Sorensen's notice of appeal, though never properly amended, effectively appeals the district court's subsequent adverse rulings dismissing the Vienna Convention claim *after* that notice of appeal was filed. Rule 4(a)(4)(B)(i) might seem to suggest that the subsequent disposition of such post-

trial motions should be deemed covered by the earlier notice. It says, "If a party files a notice of appeal after the court announces or enters a judgment-but before it disposes of any motion listed in Rule 4(a)(4)(A) [which list includes a "motion" for judgment as a matter of law under Rule 50(b) ]-the notice becomes effective to appeal a judgment or order, in whole or in part, when the "order disposing of the last such remaining motions is entered." Rule 4(a)(4)(B)(ii), however, appears to suggest the opposite conclusion: "A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal, or an amended notice of appeal ... within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."

The 1993 Advisory Committee Notes for Fed R.App. P. 4(a)(4) are helpful in resolving the apparent ambiguity. The Advisory Committee Notes state, "[A] notice of appeal filed before the disposition of a posttrial tolling motion is sufficient to bring the underlying case, as well as any orders specified in the original notice, to the court of appeals. If the judgment is altered upon disposition of a posttrial motion, however, and *if a party wishes to appeal from the disposition of the motion,* the party must amend the notice to so indicate." (emphasis added). In the instant case, the district court's grant of the defendants' Rule 50(b) motion dismissing Sorensen's Vienna Convention claim clearly "altered" the judgment: it voided the judgment in Sorensen's favor under the Vienna Convention, which was in effect when the notice of appeal was filed, and substituted a judgment denying Sorensen all relief on that claim. Sorensen seeks to appeal from the adverse disposition of that motion. The facts thus fall squarely within the description of the last sentence quoted from the Advisory Committee Note. In order to appeal from the disposition of the motion, the Note asserts that "the party must amend the notice to so indicate," which Sorensen did not do. Accordingly, she has not effectively appealed the judgment denying her Vienna Convention claim.[2]

**2.** In interpreting the Rule (and the Advisory Committee Note) to mean that, in order to appeal from a newly adverse ruling entered pursuant to a post-trial motion decided after the filing of a notice of appeal, the appellant must file a new or amended notice, we do not mean to suggest that a new or amended notice is never needed unless the ruling on the post-trial motion alters the judgment *and* appellant seeks to appeal from that alteration. Different sorts of dispositions of different sorts of post-trial motions might conceivably bring about different conclusions. Where an appellant wishes to appeal from any aspect of a post-notice ruling or judgment, however, caution would certainly suggest the filing of a new or amended notice. *See, e.g., Miles v. Gen. Motors Corp.,* 262 F.3d 720, 722–23 (8th Cir.2001) (refusing to hear an appeal from the denial of a new trial motion based on newly discovered evidence, because the appellant failed to file an amended notice of appeal following the district court's denial of the post-trial motion). *But cf. Beason v. United Techs. Corp.,* 337 F.3d 271, 274–75 (2d Cir. 2003). Indeed, commentators take the view that "the early notice of appeal must be amended if the appellant wishes to challenge the disposition of any of the posttrial motions." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3950.4, at 213 (3d ed.1999); *see also* 20 James Wm. Moore, et al., *Moore's Federal Practice* § 304.13, at 304–38 & n. 5 (3d ed.2004).

The Rule, the Advisory Committee Notes, and the observations of commentators, are riddled with ambiguities and contradictions. Among the ambiguities are: whether the requirement of a new or amended notice to appeal the ruling on the post-trial motion arises only when the ruling on the post-judgment motion alters the judgment, as opposed to when the ruling declines to alter the judgment; and whether a new or amended notice

As for Sorensen's remaining claims, some are barred by her failure to file a timely notice of appeal, and the others were either mooted by the conduct of the second trial or are plainly without merit. For example, Sorensen's claim that the district court erred with respect to the unlawful imprisonment claim is mooted by her failure to make timely appeal from the second trial.

## Conclusion

The appeal from the judgment of the District Court is DISMISSED in part and the judgment of the District Court is hereby AFFIRMED.

is required when the ruling on the post-trial motion alters the judgment in a manner favorable to the appellant, or alters it only in an insignificant manner, or supersedes the original judgment without alteration, so that the merits of the appeal do not depend on differences between the earlier judgment and the later one. Discussion in the third paragraph of the Advisory Committee Notes to the 1993 Amendment for Fed. R.App. P. 4(a)(4) may suggest that no new notice is needed following a post-notice ruling favorable to the appellant. Nevertheless, litigants should be warned that these ambiguities open the possibility that the rule could be read strictly and onerously to require a new or amended notice in all such circumstances. Before a 1998 amendment, the Rule could not be read to support this strictest interpretation because it required a new or amended notice of appeal if a party "intend[ed] to challenge an *alteration or amendment* of the judgment," as opposed to the judgment being altered or amended. *See* Fed. R.App. P. 4(a)(4) (1997) (emphasis added). The 1998 amendment, however, introduced ambiguity by requiring a new or amended notice if a party "intend[ed] to challenge ... a judgment altered or amended upon such a motion." Fed. R.App. P. 4(a)(4)(B)(ii). The new formulation could be read to expand the obligation to file an amended notice to circumstances where the ruling on the post-trial motion alters the prior judgment in an insignificant manner or in a manner favorable to the appellant, even though the appeal is not directed against the alteration of the judgment. The 1998 Advisory Committee Note, however, explained that the change to the current language was "intended to be stylistic only." We make no ruling on any of these questions, as they are not before us, but set out this brief discussion only to warn litigants of a potential minefield.