**Ernest Afam OFOEDU, Plaintiff–Appellant,**

v.

**ST. FRANCIS HOSPITAL AND MEDICAL CENTER, Catherine Szenczy and Carol Schuster, Defendants–Appellees.**

No. 06–5546–cv.

United States Court of Appeals, Second Circuit.

July 2, 2008.

Anthony C. Emengo, Williamsburg, N.Y., for Appellant.

James F. Shea, Jackson Lewis LLP, Hartford, Conn., for Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Ernest Ofoedu appeals (1) a judgment entered on September 14, 2006 in the United States District Court for the District of Connecticut (Dorsey, *J.*), which dismissed Ofoedu's Title VII and § 1981 claims and awarded summary judgment to Defendants–Appellees; and (2) a November 6, 2006 decision of the district court, granting plaintiff's motion for reconsideration but adhering to the prior decision. We assume the parties' familiarity with the facts of the case and its procedural history.

Ofoedu failed to file a timely notice of appeal with respect to the district court's original award of summary judgment, and his motion for reconsideration was filed six minutes too late to toll that deadline pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). Accordingly, to the extent that Ofoedu's brief challenges the district court's initial decision, we have no jurisdiction to consider his arguments. *Sorensen v. City of New York*, 413 F.3d 292, 295 (2d Cir.2005); *see also United States v. Frias*, 521 F.3d 229, 232–33 (2d Cir.2008) (explaining that Federal Rule of Appellate Procedure 4(a), which governs the time to appeal in a civil case, is jurisdictional). It matters not whether the late filing was due to the negligence of counsel, or to ordinary mis-

adventure. We note, in passing, that Ofoedu's arguments with respect to the initial award of summary judgment appear to lack merit.

■ Ofoedu did submit a timely notice of appeal from the district court's ruling on the motion for reconsideration. We review that decision for abuse of discretion. *Devlin v. Transp. Comm'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir.1999). We find no abuse of discretion in Judge Dorsey's adherence to his previous conclusion on the merits of the case. In particular, the district court acted well within its discretion when it found that its error with respect to Ofoedu's termination date did not affect the ultimate result. Judge Dorsey properly relied on his prior determination that Ofoedu failed to adduce any evidence that his dismissal was inspired by a retaliatory motive.

The appeal is **DISMISSED IN PART,** and the judgment of the district court is **AFFIRMED.**