15-365-cv
*Broich v. The Incorporated Village of Southampton, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand sixteen.

Present:

> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
>       *Circuit Judges.*

_____

CHRISTOPHER BROICH,

>       *Plaintiff-Appellant*,

>       v.                                                          15-365-cv

THE INCORPORATED VILLAGE OF SOUTHAMPTON, ET AL.,

>       *Defendants-Appellees*,

BONNIE M. CANNON, INDIVIDUALLY AND AS TRUSTEE OF THE INCORPORATED VILLAGE OF SOUTHAMPTON, ET AL.,

>       *Defendants*.

_____

For Plaintiff-Appellant:                    CHRISTOPHER BROICH, *pro se*; Southampton, N.Y.

For Defendants-Appellees:    JELTJE DEJONG; Devitt Spellman Barrett, LLP, Smithtown, N.Y.

.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Christopher Broich ("Broich"), proceeding *pro se*, appeals a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), entered January 13, 2015, following a jury verdict in favor of Defendants-Appellees on Broich's claim that Defendants-Appellees violated 42 U.S.C. § 1981 when they failed to promote him to the position of detective sergeant. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Scope of the Appeal

As an initial matter, because Broich did not file a new or amended notice of appeal following the district court's denial of his motion for a new trial, that ruling is not before this Court. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Sorensen v. City of New York*, 413 F.3d 292, 295–96 (2d Cir. 2005).

## II.    Allegedly Prejudicial Comments by Trial Court Judge

Broich argues that the trial judge's conduct was prejudicial, pointing to four incidents in particular. First, during preliminary instructions to the jury, the trial judge stated that he was "known as the fastest judge around," "ha[d] time limits," and required attorneys "to get right to the point." Appellant's App. 2. Second, the trial judge commented that the case was ten years old and had not yet been tried, though through no fault of either party. Third, the trial judge allowed Broich and his counsel to discuss whether Broich would give rebuttal testimony for three minutes instead of the requested five minutes. And finally, the trial judge, during a colloquy with counsel that took place outside the presence of the jury, referenced the possibility of sanctioning Broich,

but reserved decision on whether to sanction and ultimately never returned to the issue.

When "'reviewing a challenge to a trial judge's conduct, we determine not whether the trial judge's conduct left something to be desired,' but rather, in light of the record as a whole, 'whether the judge's behavior was so prejudicial that it denied a party a fair, as opposed to a perfect, trial.'" *Manganiello v. City of New York*, 612 F.3d 149, 169 (2d Cir. 2010) (alteration omitted) (quoting *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 98 (2d Cir. 1998)). "[I]t is only after an examination of the entire record that we can come to a conclusion about the conduct of the district court." *United States v. Manko*, 979 F.2d 900, 905–06 (2d Cir. 1992) (quoting *United States v. Mazzilli*, 848 F.2d 384, 389 (2d Cir. 1988)). We identify no basis for reversal here, as the challenged conduct falls far short of denying Broich a fair trial.

### III.    Evidentiary Rulings

Broich also challenges the district court's ruling not to permit into evidence a video of Defendant-Appellee Mark Epley ("Epley"), then a candidate for mayor, participating in a June 2005 debate. In the video, Epley discusses the promotion of Herman Lamison, an African-American detective who Broich contends was less qualified than Broich, to the position of detective sergeant. He also challenges a number of the district court's rulings on objections as to Broich's own trial testimony. Typically, we review a district court's evidentiary rulings for abuse of discretion. *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007). But where, as here, a party fails to make contemporaneous objections to the evidentiary rulings, we either decline to review the unpreserved challenges, or review the challenges for plain error, which we "invoke[] with extreme caution in the civil context." *See Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir. 1996) (quoting *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir. 1995)). "Only where an

3

unpreserved 'error is so serious and flagrant that it goes to the very integrity of the trial' will a new civil trial be warranted." *Id.* (alteration omitted) (quoting *Brenner v. World Boxing Council*, 675 F.2d 445, 456 (2d Cir. 1982)).

We conclude that the district court's evidentiary rulings were not plainly erroneous. The video was irrelevant because Lamison was promoted before the mayoral debate took place, Epley's uncontroverted testimony established that he was not elected mayor until after Lamison had been promoted, and Epley was not otherwise involved in the decision to promote Lamison. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). As for Broich's various challenges to the district court's rulings on objections during Broich's own testimony, the district court did not plainly err in sustaining the objections, as the testimony objected to — calling for Broich's personal opinion, interpretation of a police department policy, description of matters stated in the press, and discussion of claims dismissed before trial, among other things — was either irrelevant or hearsay. *See id.*; Fed. R. Evid. 801(c) (defining "hearsay" as a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement"). Accordingly, none of the evidentiary rulings caused such prejudice as to affect the integrity of the trial.

We have considered all of Broich's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5