16-3101-cv
*Wood v. New York City Transit Authority*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of October, two thousand seventeen.

PRESENT:
 AMALYA L. KEARSE,
 JOSÉ A. CABRANES,
 RICHARD C. WESLEY,
  *Circuit Judges.*

————————————————————————

JEFFREY WOOD,

  *Plaintiff-Appellant,*

  v.                                                                  16-3101-cv

NEW YORK CITY TRANSIT AUTHORITY,

  *Defendant-Appellee.*

————————————————————————

1

**FOR PLAINTIFF -APPELLANT:**                 Jeffrey Wood, *pro se*, Rosedale, NY.

**FOR DEFENDANT -APPELLEE:**                 Kavita Kiran Bhatt, Executive Agency
                                             Counsel, *for* James B. Henly, General
                                             Counsel, New York City Transit
                                             Authority, Brooklyn, NY

     Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge.*).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 30, 2015 judgment of the District Court is **AFFIRMED.**

     Appellant Jeffrey Wood ("plaintiff" or "Wood"), proceeding *pro se*, appeals the District Court's grant of summary judgment[1] in favor of his employer, the New York City Transit Authority ("NYCTA" or "defendant"), on his claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Wood, a New York City bus driver, filed suit after he was not promoted to dispatcher. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

     We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). "A defendant is entitled to summary judgment where the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the plaintiff[] bear[s] the burden of proof." *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (internal quotation marks and alterations omitted). "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

     Wood brought both a failure-to-promote claim and an unequal-terms-and-conditions-of-employment (disparate treatment) claim under Title VII. We analyze both under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under *McDonnell Douglas*, plaintiff has the burden of establishing a *prima facie* case of discrimination. *Id.* If the plaintiff establishes

---

1 Wood also attempts to appeal the District Court's October 16, 2016 denial of his motion for reconsideration, but Wood's failure to amend his notice of appeal after the order denying reconsideration was entered precludes review of that order. *See Sorensen v. City of New York*, 413 F.3d 292, 295-96 (2d Cir. 2005) (a notice of appeal filed after entry of judgment, but before an order disposing of a motion listed in Fed. R. App. P. 4(a)(4), does not give the Court of Appeals jurisdiction to review that order).

a *prima facie* case, the burden shifts to the employer to present a legitimate, non-discriminatory reason for its action. *Id.* If an employer proffers a legitimate motive, the plaintiff must establish, by a preponderance of the evidence, that the presented reason is pretext for an otherwise discriminatory action. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015).

To establish a *prima facie* claim for failure to promote, plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he was denied the position; and (4) the circumstances of the adverse employment decision give rise to an inference of unlawful discrimination. *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). Once an employer has proffered a non-discriminatory reason for failure to promote an employee, the employee must proffer evidence that his credentials were so superior to the person hired that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks and citations omitted). If the aggrieved employee cannot proffer evidence sufficient to permit an inference of pretext, the employer is entitled to summary judgment. *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000) (citations omitted).

We agree with the District Court that, although Wood established a *prime facie* claim for failure to promote, he subsequently failed to proffer any evidence that the NYCTA's legitimate, non-discriminatory reason for not promoting him to dispatcher was pretextual. The record indicates that Wood was not promoted because he had a prior 30-day suspension for gross misconduct for a "major preventable accident." In June 2006, he collided with a car at an intersection and crashed his bus into a nearby house, injuring multiple people. The NYCTA later found that Wood had failed to exercise appropriate defensive driving techniques and that he had been driving at an excessive speed. Though the NYCTA first recommended that Wood be terminated, it ultimately settled on a 30-day suspension. In an effort to rebut these undisputed facts, plaintiff pointed to other employees who had been promoted over him. However, none of these employees had been penalized for similar or worse conduct, and each had better driving and disciplinary records. Plaintiff thus failed to establish that the NYCTA's decision to promote other employees over him amounted to pretext for an otherwise discriminatory action, and the District Court properly found for defendant in this respect.

The District Court also correctly held that Wood failed to state a *prima facie* disparate treatment claim because he failed to prove that a similarly-situated NYCTA employee outside of his protected group received preferential treatment in promotion. We consider employees to be similarly situated if they are "(1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010) (internal quotation marks and citations omitted). Wood had the burden of providing evidence to the District Court that he and the alleged comparator employee(s) were "similarly situated in all material respects."

3

*Graham v. Long Island RR.*, 230 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks and citations omitted). He failed to meet this burden.

Wood contends that the District Court erred in finding that Candidate 18 did not engage in conduct comparable to his own. We disagree. Candidate 18's record reflected one 20-day suspension for failing to wear a seatbelt and for failing to make proper stop announcements on his route. The District Court correctly held that this misconduct was not sufficiently comparable to the events that gave rise to Wood's 30-day suspension. It is true, as Wood observes, that Candidate 18's record also reflected his involvement in a "major preventable accident," for which he received a 10-day suspension. However, Wood presented no details of the nature of this incident, nor did he fulfill his burden of proving that the circumstances of Candidate 18's accident were comparable to the circumstances of his own.

The District Court also correctly determined that Candidate 63 was not similarly situated to Wood. Candidate 63 was suspended for an incident in which the right rear wheel of his bus struck the front wheel of a bicycle. No one was injured. These facts are not sufficiently similar to Wood's major preventable accident, in which five people were hospitalized and Wood caused considerable damage to a private home. Wood failed to present to the District Court any similarly situated employees who received preferential treatment, and therefore his disparate treatment claim was properly dismissed.

Finally, we agree with the District Court that Wood's retaliation claim was meritless. Wood claimed that his request to be reconsidered for promotion was denied in retaliation for his decision to file a discrimination complaint with the EEOC. But Wood's reconsideration request was denied *before* he filed his EEOC complaint. The complaint thus had no bearing on the NYCTA's refusal to revisit its decision to deny Wood a promotion.

**CONCLUSION**

We have considered all of Wood's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4