*Fawemimo v. American Airlines, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand eighteen.

**PRESENT:**

> **JON O. NEWMAN,**
> **DENNIS JACOBS,**
> **ROSEMARY S. POOLER,**
> > *Circuit Judges,*

_____

**Janet Fawemimo,**

> *Plaintiff-Appellant*,

> v.                                                                 **17-589**

**American Airlines, Inc.,**

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Janet Fawemimo, pro se, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | Brian P. Morrissey, Michael J. Crowley, Connell Foley LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Janet Fawemimo, pro se, appeals from the district court's grant of summary judgment in her common law tort action against American Airlines, Inc. ("American"). Fawemimo alleged that she hit her head on a television monitor above her seat while boarding an American flight and that her injuries were the result of an unsafe aircraft design. American moved for summary judgment, arguing that Fawemimo's suit was preempted by the Federal Aviation Act ("FAA"), 49 U.S.C. § 40101 et seq., as amended by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b), because the ADA expressly preempts state laws that relate to the price, route, or service of an air carrier and because Congress intended the FAA to occupy the field of air safety. Fawemimo did not file an opposition (despite receiving three extensions of time to do so), and the district court granted summary judgment for American on the ground that Fawemimo's claims were expressly preempted by the ADA.[1] We review the grant of summary judgment de novo. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

[1] After judgment was entered, Fawemimo filed a motion styled as an opposition to American's motion for summary judgment. The district court construed that filing as a motion for reconsideration and denied it. Despite having timely appealed the court's original preemption ruling, Fawemimo did not appeal the denial of reconsideration. Accordingly, Fawemimo's challenge to the preemption ruling is properly before this Court, but the issues raised for the first time in Fawemimo's motion for reconsideration are not. *See Sorensen v. City of New York*, 413 F.3d 292, 295–96 (2d Cir. 2005).

The Supremacy Clause of the U.S. Constitution, U.S. Const. art. VI, cl. 2, "invalidates state laws that interfere with, or are contrary to, federal law." *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 220 (2d Cir. 2008) (quoting *Hillsborough Cty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712 (1985)). Preemption may be express when a federal statute "expressly directs that state law be ousted," or implied when "Congress intended the Federal Government to occupy a field extensively, or when state law actually conflicts with federal law." *Id.* (internal quotation marks and citations omitted).

The ADA was enacted in 1978 after Congress determined that "maximum reliance on competitive market forces would best further efficiency, innovation, and low prices as well as variety [and] quality . . . of air transportation." *Id.* at 222 (internal quotation marks omitted) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992)). Preemption is express:

> Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1).

In *Morales*, the Supreme Court held that § 41713(b)(1) may apply to a "state enforcement action[] having a connection . . . to [an] airline . . . service[]" so long as the connection is not "too tenuous, remote, or peripheral." 504 U.S. at 384, 390 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983)). More recently, the Court clarified that § 41713(b)(1) applies with equal force to suits brought under state common law, assuming the necessary nexus to an airline service. *See Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014) (addressing

3

breach of implied covenant of good faith and fair dealing in relation to frequent flyer program). "What is important . . . is the effect of [the] state law, regulation, or provision, not its form, and the ADA's deregulatory aim can be undermined just as surely by a state common-law rule as it can be by a state statute or regulation." *Id.* at 283.

Fawemimo's particular common law claim indeed relates to an airline "service" as that term is used in § 41713(b)(1). As we recognized in *Air Transport Association of America*, "[a] majority of the circuits to have construed 'service' have held that the term . . . encompasses matters such as boarding procedures, baggage handling, and food and drink-matters incidental to and distinct from the actual transportation of passengers." *Air Transp. Ass'n,* 520 F.3d at 223 (collecting cases). And we expressly held that the definition includes an airline's provision of "food, water, electricity, and restrooms." *Id.* (holding that a state law requiring airlines to provide amenities during long flight delays was preempted). Fawemimo's complaint challenges the size and positioning of monitors used to provide passengers with safety instructions and in-flight entertainment, as well as the size, arrangement, and spacing of aircraft seats. Like an airline's provision of food, water, or electricity, its provision of monitors and seats are matters that Congress intended to regulate through the FAA, but otherwise leave unregulated in order to permit market forces to promote efficacy, variety, and quality. *See id.* at 222–24. Accordingly, Fawemimo's action is preempted under § 41713(b)(1).

Fawemimo's reliance on *Hodges v. Delta Airlines, Inc*., 44 F.3d 334 (5th Cir. 1995), is unavailing. In *Hodges*, the Fifth Circuit held that § 41713(b)(1) does not preempt personal injury tort actions because the FAA requires air carriers to obtain insurance for personal injuries or property damage resulting from the operation or maintenance of an aircraft. *See Hodges*, 44

F.3d at 336, 338; *see also* 49 U.S.C. § 41112.   However, the court resolved the tension between the FAA's insurance requirement and its preemption provision by distinguishing claims that challenge airline policies--and are thus related to airline service--from those challenging distinct negligent acts related to the operation of an aircraft.   *Hodges*, 44 F.3d at 339 (holding that a challenge to an airline's policy permitting carry-on baggage relates to airline service, while a claim based on a flight attendant's failure to properly monitor compliance with overhead rack regulations relates to the safe operation of an aircraft).   Thus, under *Hodges*, § 41713(b)(1) preempts claims that challenge airline policies and could potentially create inconsistent standards between states, while leaving room for personal injury actions that allege an airline was negligent in carrying out its policy.   *See id.*; *see also Air Transp. Ass'n*, 520 F.3d at 225 (acknowledging that "the FAA does not preempt all state law tort actions").   Fawemimo's complaint argued that the design of the aircraft's monitors and seats was dangerous.   These claims pertain to an airline policy, rather than the negligent installation or maintenance of her specific monitor or seat, and they are therefore preempted under *Hodges*.

Moreover, Fawemimo's claims are also barred by implied preemption.   Congress intended the FAA, as amended by the ADA, to occupy the field of air safety.   *Goodspeed Airport LLC v. East Haddam Inland Wetlands & Watercourses Comm'n*, 634 F.3d 206, 210 (2d Cir. 2011).   State laws that conflict with the FAA or sufficiently interfere with federal regulation of air safety are thus preempted.   *Id.* at 210–211.   American produced evidence that its installation of monitors and seats was approved by federal agencies.   Because the complaint challenges the overall design of the monitors and seats, it depends on a common law rule for monitors and seats that would conflict with requirements established by the federal government.

5

This result would be contrary to the FAA's goal of centralizing, in the federal government, the regulation of air safety. *See Air Transp. Ass'n.*, 520 F.3d at 225 (applying implied preemption to prevent state from enacting varying prohibitions on food and drink that would "unravel[] the centralized federal framework for air travel"). Accordingly, Fawemimo's claim is incompatible with the federal government's authority to regulate the field of air safety and is preempted.

To the extent that Fawemimo argues that American negligently failed to meet FAA regulations and that her specific monitor and seat were non-compliant with those regulations, the claim is not properly before this Court because Fawemimo did not raise it in the district court prior to entry of judgment. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016). While she raised this claim in an untimely opposition to summary judgment, which the district court construed as a motion for reconsideration, she did not separately appeal from the denial of reconsideration. *See Sorensen*, 413 F.3d at 295–96.

We have considered Fawemimo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6