Amaker v. Bradt

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand eighteen.

PRESENT:
       DENNIS JACOBS,
       GUIDO CALABRESI,
       DEBRA ANN LIVINGSTON,
             Circuit Judges.
_____

Anthony D. Amaker,

             Plaintiff-Appellant,

       v.                                                   16-2829

1

**Mark L. Bradt, Supt., et al.**,

<u>**Defendants-Appellees**</u>.

_____

FOR PLAINTIFF-APPELLANT:        Anthony Amaker, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:      Jeffrey Lang, Deputy Solicitor General, Kate H. Nepveu, Assistant Solicitor General, for Barbara D. Underwood, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Schroeder, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Amaker, pro se, sued numerous state prison officials and corrections officers pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, <u>et seq.</u>, and 42 U.S.C. § 1983 for violations of the First and Eighth Amendments. He alleged that the defendants interfered with the free exercise of his religion, including access to religious meals, and that corrections officers engaged in improper or retaliatory acts. The District Court for the Western District of New York (Schroeder, <u>M.J.</u>) granted summary judgment to the defendants, reasoning that Amaker failed to exhaust his administrative remedies. Amaker appealed. He then moved for reconsideration, which the magistrate judge denied. He did not file a new notice of appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." Garcia v. Hartford Police Dep't, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Amaker failed to file grievances for seven of the eight alleged incidents and failed to exhaust the appeals process for the remaining incident. One grievance from February 2013 addresses some of the allegations raised in the complaint, but Amaker did not exhaust his remedies related to this grievance because he filed the complaint at issue here 11 days after filing the grievance, before it could be resolved by prison officials. Exhaustion of a claim after the complaint has already been filed in federal court does not save the claim from dismissal. Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), abrogated in part on other grounds by Porter v. Nussle, 534 U.S. 516 (2002).

Prisoners are exempt from the exhaustion requirement when administrative remedies are unavailable. Ross v. Blake, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when (1) "'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'"; (2) it is "'so opaque that it becomes, practically speaking, incapable of use'"; or (3) "'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation,

3

or intimidation.'"   Williams v. Priatno, 829 F.3d 118, 123–24 (2d Cir. 2016) (quoting Ross, 136 S. Ct. at 1859–60).

Amaker argues that administrative remedies were unavailable to him due to his transfer to another prison a month after filing his February 2013 grievance. The defendants argue that Amaker waived this argument by failing to raise it in his motion for summary judgment.   Even if Amaker had raised this argument on summary judgment, exhaustion would be required because remedies were available to him after his transfer.

New York's grievance procedure permits an inmate who is transferred to another prison to "continue an appeal of any grievance."   7 N.Y.C.R.R. § 701.6(h)(2).   Accordingly, Amaker could (and did) continue to appeal his February 2013 grievance after his transfer.   Amaker argues that any remedy would have been moot because he was transferred, but remedies are still available to prisoner who requested and received a prison transfer where "a formal grievance still would have allowed prison officials to reconsider their policies and discipline any officer who had failed to follow existing policies." Ruggiero v. Cnty. of Orange, 467 F.3d 170, 177 (2d Cir. 2006).   Therefore, an administrative remedy was available to Amaker, even after his transfer.

To the extent that Amaker also appeals the magistrate judge's denial of reconsideration, we lack jurisdiction to review that order because he never filed a new or amended notice of appeal.   A notice of appeal filed prior to an order disposing of a motion listed in Federal Rule of Appellate Procedure 4(a)(4) does not give this Court jurisdiction to review that later order.   Sorensen v. City of New York, 413 F.3d 292, 295–96 (2d Cir. 2005).   An amended notice of appeal is required.   Id.; see also Fed. R. App. P. 4(a)(4)(B)(ii).

Amaker filed a notice of appeal after judgment was entered but before the district court decided his motion for reconsideration.   Because he did not file an amended notice of appeal, we lack jurisdiction over the order denying reconsideration.

4

We have considered Amaker's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court