Ripa v. Stony Brook Univ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty.

PRESENT:
    ROSEMARY S. POOLER,
    REENA RAGGI,
    WILLIAM J. NARDINI,
        *Circuit Judges.*
_____

Anthony John Ripa,

        *Plaintiff-Appellant*,

    v.                                                            19-1293

Stony Brook University,

        *Defendant-Appellee.*
_____

FOR PLAINTIFF-APPELLANT:             Anthony John Ripa, pro se, New York, NY.

FOR DEFENDANT-APPELLEE:              Amit R. Vora, Assistant Solicitor General,
                                     Steven C. Wu, Deputy Solicitor General,
                                     Barbara D. Underwood, Solicitor General,
                                     *for* Letitia James, Attorney General of the
                                     State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Anthony John Ripa, proceeding pro se, appeals from the April 4, 2019 judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*) dismissing his claims against Defendant-Appellee Stony Brook University ("SBU") under 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, and Title VII of the Civil Rights Act of 1964, and denying his motions for recusal of Judges Azrack and Locke and disqualification of opposing counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Whether a defendant is entitled to Eleventh Amendment immunity is a legal question that we review *de novo*. *See National Ass'n for Advancement of Colored People v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019).[1] "We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). Finally, "[w]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court properly dismissed Ripa's Section 1983 claims under the Eleventh Amendment, which precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity, neither of which occurred here. *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002). State universities such as SBU are arms of the state for purposes of the Eleventh Amendment and are therefore entitled to Eleventh Amendment immunity. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). Though Ripa argues that the Eleventh Amendment cannot bar the prospective relief he seeks—the termination of SBU's federal funding—the *Ex Parte Young*[2] exception to Eleventh Amendment immunity for prospective relief applies only when a state official is sued, which Ripa has not done. *See id.* at 594-95.

---

1 Whether Eleventh Amendment immunity "constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense" has not yet been decided by the Supreme Court or this Court. *See Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (leaving question open)). We need not pursue the matter here because the answer does not affect our decision to affirm.

2  209 U.S. 123 (1908).

The district court also properly dismissed Ripa's Title IX claims. First, Ripa lacked standing to bring a Title IX claim based on the existence of a Women's Studies Department and the lack of a Men's Studies Department. This does not amount to a concrete injury, such as the denial of an educational opportunity, sufficient to meet the injury-in-fact requirement of Article III standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). To the extent Ripa alleges that the existence of a Women's Studies program discriminated against men, he has not shown any ensuing concrete harm to him. To the extent he alleges injury from the lack of a Men's Studies program, the alleged injury is only "conjectural or hypothetical." *Gully v. Nat'l Credit Union Admin. Bd.*, 341 F.3d 155, 160 (2d Cir. 2003).

Second, Ripa failed to state a hostile educational environment claim under Title IX. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a). To state a hostile educational environment claim under Title IX, a plaintiff must plausibly allege that sex-based discriminatory conduct "created an educational environment sufficiently hostile as to deprive [him] of 'access to the educational opportunities or benefits' provided by" his school and that the individual defendants had actual knowledge of the discrimination and failed to respond adequately. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 750 (2d Cir. 2003) (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999)).

Ripa's complaint alleges that Professor Robert Cserni created such a hostile environment by engaging in "demographically based slander" when he called Ripa "privileged"; he gave one of Ripa's assignments a grade of zero and labelled it "Incomplete/missing or irrelevant"; and he used a female student's work as an example of a well-written assignment. These allegations do not plausibly allege intentional discrimination actionable under Title IX. Although Ripa asserts that Professor Cserni took these actions because he believed that Ripa was a white male, Ripa did not support that conclusion with any facts indicating that Professor Cserni was motivated by Ripa's sex or gender. Nor do the additional allegations in Ripa's amended complaint, including SBU's advertisement of and support for programs targeted toward women, offer of free feminine hygiene products, or Ripa's voluntary attendance at a Ph.D. student's presentation that proposed a purportedly anti-male research project plausibly allege discrimination on the basis of sex or amount to a hostile environment. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

We also conclude that the district court properly dismissed Ripa's Title VII claims for failure to state a claim. Even if Ripa's student assistant position at SBU qualified him as an employee for purposes of Title VII, Ripa did not allege any facts showing that he was subjected to an adverse employment action. To make out a prima facie case of discrimination under Title VII, a plaintiff must allege, *inter alia*, that he was subject to an adverse employment action under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir.

3

1997). The sole employment action Ripa alleges is that his boss stated that her superiors were female and that she liked that fact. This does not constitute an adverse action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) ("A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." (internal quotation marks and citation omitted)).

The district court also acted in its discretion in denying Ripa's motion to recuse Judges Azrack and Locke as these judges were no longer assigned to his case. *See United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

Insofar as Ripa argues that Judge Mauskopf should have recused herself or been substituted, he did not file an amended notice of appeal from the denial of the motion for her recusal, which occurred after he had filed his appeal from the judgment. Accordingly, we lack jurisdiction over the district court's post-judgment decision. *See Sorensen v. City of New York*, 413 F.3d 292, 295-96 (2d Cir. 2005); Fed. R. App. P. 4(a)(4)(B)(ii). In any event, Ripa's claim that Judge Mauskopf was biased against him lacks support in the record. The fact that she dismissed his complaint and denied reconsideration does not demonstrate bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We also identify no abuse of discretion in the denial of Ripa's motion to disqualify, *see Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 836 F.2d 1332, 1335 (2d Cir. 1988), as that motion lacks a foundation in law or fact. Ripa sought disqualification based on counsel's purportedly making "false statements." But the statements at issue were either SBU's legal arguments in support of its motion to dismiss and in opposition to Ripa's various motions, or, at most, constituted minor factual misstatements that had no bearing on the merits of the case.

We have reviewed the remainder of Ripa's arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**, and Ripa's motion to strike SBU's oral argument statement is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4