NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER P. LANGAN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2019-1487

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01446-EDK, Judge Elaine Kaplan.

---

Decided: January 11, 2021

---

CHRISTOPHER P. LANGAN, Goshen, NY, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JEFFREY B. CLARK, LISA LEFANTE DONAHUE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Christopher P. Langan appeals a decision of the United States Court of Federal Claims ("Claims Court"). Because this appeal is untimely, we *dismiss*.

## BACKGROUND

Mr. Langan served with the Air Force from 2003 to 2011. After several disciplinary actions not relevant here, Mr. Langan submitted an application for voluntary separation with pay ("VSP") on March 24, 2011. His application was approved, and he signed a letter of intent to participate in VSP on April 7, 2011. Mr. Langan alleges that he is owed money by the government as a result of miscalculations of the amount due under the VSP program, tax overpayments, and unpaid military pay. On October 2, 2017, Mr. Langan filed a complaint in the Claims Court. The Claims Court rejected Mr. Langan's various claims for monetary and injunctive relief, with the exception of an award of $2.72. Mr. Langan sought to appeal to this court.

## DISCUSSION

Rule 4 of the Federal Rules of Appellate Procedure provides that when the United States is a party to a case, a notice of appeal must be filed "within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B)(i); *see also* 28 U.S.C. § 2107(b). "If a party files a notice of appeal after the court announces or enters a judgment," but before the court rules on a timely filed motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, the party's notice of appeal "becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(A)(iv), 4(a)(4)(B)(i). "A party intending to challenge an order disposing of any [such] motion . . . or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule . . . ." Fed. R. App.

P. 4(a)(4)(B)(ii).  As recognized in Rule 4(a) of the rules of this court, we "cannot waive or extend the statutory deadlines for the filing of a notice of appeal or petition for review." Fed. Cir. R. 4(a); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" that does not admit of equitable exceptions).

The Claims Court filed its first judgment in this case on November 28, 2018.  On January 28, 2019, Mr. Langan filed a notice of appeal from this judgment.  The Claims Court subsequently granted Mr. Langan's post-judgment motion and vacated the judgment on June 11, 2019.

The Claims Court then entered a new judgment on June 13, 2019.  On July 11, 2019, Mr. Langan sought reconsideration of the new judgment under Rule 59(a), which the Claims Court denied on September 12, 2019.  Pursuant to Rule 4, Mr. Langan then had 60 days in which to file a new or amended notice of appeal from the July 2019 judgment. *See* Fed. R. App. P. 4(a)(1)(B)(i)–(ii).

Mr. Langan's notice of appeal of the November 2018 judgment was ineffective because that judgment was vacated. *See, e.g.*, *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1010 (10th Cir. 2018) ("When an appellant challenges an order ruling on a motion governed by Appellate Rule 4(a)(4)(B)(ii), a new or amended notice of appeal is necessary . . . ."); *Sorensen v. City of New York*, 413 F.3d 292, 296 & n.2 (2d Cir. 2005) (holding that Rule 4(a)(4)(B)(ii) requires a new or amended notice of appeal when a judgment is "altered upon disposition of a posttrial motion").  Mr. Langan never filed any notice of appeal of the June 2019 judgment as required by Rule 4(a)(4)(B)(ii).  Because Mr. Langan's appeal is untimely, and we cannot waive or extend the deadline to file a notice of appeal under Rule 4, we must dismiss.

## DISMISSED

COSTS

No costs.