**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand nineteen.

PRESENT:
>JOHN M. WALKER, JR.,
>GERARD E. LYNCH,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

_____

In re: Neelam Taneja,

>Debtor.

_____

NEELAM TANEJA, AKA Neelam Uppal,

>*Debtor-Appellant,*

v.                                              18-890

KRISTA M. PREUSS, Chapter 13 Trustee,*

*Creditor-Appellee.*
_____

FOR DEBTOR-APPELLANT:            Neelam Taneja, *pro se*, Largo, FL.

FOR CREDITOR-APPELLEE:           Dennis Jose, Office of the Standing
                                 Chapter 13 Trustee, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Neelam Taneja, proceeding *pro se*, appeals the district court's judgment affirming the bankruptcy court's dismissal of her Chapter 13 petition. The bankruptcy court dismissed the petition because (1) Taneja's debts exceeded the statutory limit, (2) Taneja failed to demonstrate regular and stable income, and (3) Taneja failed to propose a feasible Chapter 13 plan. We assume the parties'

_____

* The Clerk of Court is directed to amend the caption as set forth above.

2

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conduct a plenary review of orders of the district courts in their capacity as appellate courts in bankruptcy cases. *Anderson v. Credit One Bank, N.A. (In re Anderson)*, 884 F.3d 382, 387 (2d Cir. 2018) ("[W]e engage in plenary, or de novo, review of the district court decision."). The bankruptcy court's conclusions of law are reviewed *de novo* and its findings of fact for clear error. *Babitt v. Vebeliunas (In re Vebeliunas)*, 332 F.3d 85, 90 (2d Cir. 2003).

As an initial matter, we note that we have jurisdiction only over the district court's order affirming the bankruptcy court's dismissal of the petition. Taneja specified only that order in her notice of appeal.[1] Because she never filed any amended notices of appeal, the district court's post-judgment orders are outside this Court's jurisdiction. *See Sorensen v. City of New York*, 413 F.3d 292, 295–96 (2d Cir. 2005); *see also* Fed. R. App. P. 4(a)(4)(B)(ii).

To qualify as a debtor under Chapter 13, a debtor must have secured debts amounting to less than $1,184,200. 11 U.S.C. § 109(e); *see* Chapter 13 Bankruptcy

---

[1] To the extent Taneja challenges the bankruptcy court's sanction orders in the present appeal, those orders have been or will be addressed in separate appeals in this Court. *See Taneja v. The Health Law Firm*, 2d Cir. 18-1225; *Uppal v. Wilkinson*, 2d Cir. 18-2292.

3

Basics, United States Courts, https://www.uscourts.gov/services-forms/bankruptcy/bankruptcy-basics/chapter-13-bankruptcy-basics#targetText=Chapter%2013%20Eligibility,U.S.C.%20%C2%A7%20109(e) (last visited Oct. 24, 2019) (stating present day debt limits, accounting for inflation). Additionally, the debtor must have a "regular income[,]" meaning that her income must be "sufficiently stable and regular to enable such individual to make payments under a [Chapter 13 plan.]" 11 U.S.C. §§ 101(30), 109(e); *see also Regan v. Ross*, 691 F.2d 81, 85 (2d Cir. 1982) (discussing legislative history of Chapter 13, which provides that Chapter 13 applies to "individuals with income sufficiently stable and regular to enable them to make payments" (internal quotation marks omitted)); *Santiago-Monteverde v. Pereira (In re Santiago-Monteverde)*, 512 B.R. 432, 437–42 (S.D.N.Y. 2014) (discussing "regular income" requirement and analyzing whether certain income sources qualified under Chapter 13). If the debtor does not meet the section 109(e) requirements, the bankruptcy court may dismiss the petition. *See In re Mazzeo*, 131 F.3d 295, 305 (2d Cir. 1997) (affirming dismissal of Chapter 13 petition where debtor was ineligible under § 109(e)).

Under 11 U.S.C. § 1307(c)(5), a bankruptcy court may also dismiss a Chapter 13 petition after notice and a hearing where the plan has been denied. Thus,

4

courts have upheld the dismissal of Chapter 13 petitions where the plan was not feasible, and therefore not confirmable. *See, e.g.*, *Burger v. Internal Revenue Serv. (In re Burger)*, No. 99-5053, 1999 WL 1069972 (2d Cir. Nov. 12, 1999) (affirming dismissal of Chapter 13 petition where debtor failed to file a feasible plan and instead objected to a creditor's claim); *In re Scott*, No. 98-1866, 1999 WL 644380 (6th Cir. Aug. 13, 1999) (affirming dismissal of Chapter 13 plan where debtor's plan was not feasible because the debtor's reports of his income were inconsistent). To establish that her plan is confirmable, a debtor must show, among other things, that she "will be able to make all payments under the plan and to comply with the plant," which in turn requires a showing of stable income. 11 U.S.C. § 1325(a)(6); *see In re Scott*, 1999 WL 644380, at *1.

Without identifying any evidentiary basis in the record, Taneja has challenged the bankruptcy court's holding that her debt exceeded the statutory maximum by arguing that the creditors submitted fraudulent claims to artificially inflate her debt. However, Taneja's opening brief on appeal fails to challenge the bankruptcy court's additional holdings – that Taneja failed to propose a feasible plan and that she failed to demonstrate regular income – each of which constitutes an independent reason to dismiss a Chapter 13 petition. *See* 11 U.S.C. §§ 109(e),

5

1307(c)(5). Taneja therefore has forfeited any challenges to those holdings. *See*

*LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that a *pro se*

appellant had abandoned an issue by failing to address it in his appellate brief);

*see also Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) (stating that

arguments may not be raised for the first time in a reply brief); *Terry v. Inc. Vill. of*

*Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from

*pro se* litigants a high degree of solicitude, even a litigant representing himself is

obliged to set out identifiable arguments in his principal brief." (internal

quotations marks omitted)).

In any event, Taneja's arguments – raised for the first time in her reply brief

– concerning those holdings are meritless. Her conclusory assertion, without

citation, that she provided reports of stable "rental" income is belied by the record

and by her own admission at the motion to dismiss hearing that she was

unemployed and receiving "income" in the form of loans from her retirement

account. And Taneja's proposed plan was not feasible – and therefore not

confirmable – because, by failing to demonstrate stable income, she also failed to

show that she would be able to comply with its terms. Thus, the bankruptcy court

properly dismissed Taneja's petition because she failed to demonstrate a regular

income or propose a feasible plan, and the district court properly affirmed that dismissal.

Taneja's assertion that she was denied notice and a hearing is likewise incorrect since the record clearly reflects that the bankruptcy court held a hearing on the motion to dismiss before granting it. Similarly, her conclusory assertion that the bankruptcy judge was biased against her is unsupported by any evidence. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (same).

We have considered all of Taneja's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We have previously warned Appellant that "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers will result in the imposition of a sanction, which may require Appellant to obtain permission before filing any further submissions in this Court." *In re Taneja*, No. 18-1225-cv, 2018 WL 5309801 (2d Cir. Aug. 31, 2018) (internal quotation marks omitted). Because Appellant filed her notice of appeal in this case before that warning was issued, we do not find sanctions to be warranted on the basis of this appeal. That warning, however, remains in effect.