Waterkeeper Alliance, Inc. v. Salt

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty.**

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

Waterkeeper Alliance, Inc.,

> *Plaintiff-Counter-Defendant-Appellee*,

> v.                                                                 17-3568

Jeffrey Salt,

> *Appellant,*

Spirit of Utah Wilderness, Inc., DBA Great Salt Lakekeeper,
DBA Great Salt Lake Water Keepers,

> *Defendant-Counter-Claimant.*

---

FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLEE:        Jason Louis Libou, John
                                                  Harold Reichman, Wachtel
                                                  Missry LLP, New York, NY.

FOR APPELLANT & DEFENDANT-COUNTER-

CLAIMANT:                                        Jeffrey Salt, *pro se*, Salt Lake
                                                 City, UT.

Appeal from an order of the United States District Court for the Southern District of New York (Roman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Waterkeeper Alliance, Inc. ("Waterkeeper") sued Spirit of Utah Wilderness, Inc. ("SUW") d/b/a Great Salt Lakekeeper or Great Salt Lake Water Keepers, run by Jeffrey Salt, alleging trademark infringement, unfair competition, and state law claims. Waterkeeper alleged that SUW, a former member of Waterkeeper's national network of organizations with license to use Waterkeeper marks, continued to use Waterkeeper marks and represented itself as a Waterkeeper member organization after Waterkeeper revoked its license and membership. Salt, pro se, moved to intervene and to substitute himself as a defendant, both of which the district court denied. In May of 2015, the court entered default judgment and enjoined SUW and Salt from, inter alia, using marks owned by Waterkeeper. Salt continued to use the Waterkeeper marks, and Waterkeeper moved to hold SUW and Salt, as its principal, in civil contempt. When neither SUW nor Salt appeared at a 2017 hearing on an order to show cause as to why Salt should not be held in contempt, the court granted Waterkeeper's motion. Salt appeals the October 2017 contempt order. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I.      **Scope of Review**

In his brief on appeal, Salt challenges both the October 2017 contempt order and a September 2018 order denying a Federal Rule of Civil Procedure 59(e) motion in which he sought

reconsideration of the contempt order. However, Salt's notice of appeal—filed the same day as his Rule 59(e) motion—did not encompass the order denying that motion, issued almost a year later, and Salt did not file an amended notice of appeal addressing that denial. Therefore, the order denying his Rule 59(e) motion is not within the scope of this appeal. *See Sorensen v. City of New York,* 413 F.3d 292, 295–96 (2d Cir. 2005) (notice of appeal filed prior to order disposing of a Fed. R. App. P. 4(a)(4) motion, including a Rule 59(e) motion, is not sufficient to appeal the later order; an amended notice of appeal is required).[1]

## II.    Waiver

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Thus, we "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.* Salt does not challenge the contempt order on the merits in his brief. Rather, he attacks (1) the court's jurisdiction to impose it, and (2) the May 2015 default judgment order enjoining him from using Waterkeeper's marks. He has therefore waived a challenge to the district court's ruling that found him in civil contempt. *See id.*

## III.   Contempt Order

Even if we were to review the contempt order, the district court did not abuse its discretion

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

in holding Salt in contempt of its order. We "review a finding of contempt under an abuse of discretion standard that is more rigorous than usual." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010).

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990). Civil contempt may be imposed for failure to comply with a court order if (1) that order is "clear and unambiguous," (2) "the proof of noncompliance is clear and convincing," and (3) the contemnor has not been "reasonably diligent in attempting to comply" with the order. *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996) (internal quotation marks omitted). The court must also provide notice and an opportunity to be heard before it may hold the accused in contempt. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *In re Grand Jury Witness*, 835 F.2d 437, 441 (2d Cir. 1987).

The district court did not abuse its discretion in imposing the contempt order because it properly applied the three civil contempt elements. *See Local 638*, 81 F.3d at 1171. First, the May 2015 order was clear and unambiguous: it enjoined SUW "and its officers . . . and all persons in active concert and participation with it, including . . . Jeffrey Salt," from, inter alia, using the "Waterkeeper Marks," including "Lakekeeper" and "Great Salt Lakekeeper"; referring to Salt as the Great Salt Lakekeeper; and using an email address ending in "@greatsaltlakekeeper.org." Second, evidence of Salt's noncompliance was clear and convincing. At the time Waterkeeper moved for an order holding Salt and SUW in contempt in July 2016, Salt continued to operate the Great Salt Lakekeeper website; his email address listed on that website ended in "@greatsaltlakekeeper.org"; and he referred to himself on his LinkedIn page as "Executive

4

Director & Lakekeeper at Great Salt Lakekeeper." Third, Salt was not reasonably diligent in attempting to comply with the order because he continued to maintain the Great Salt Lakekeeper website, refer to himself as the Great Salt Lakekeeper, and use the Lakekeeper email address after he was made aware of his violation of the court's order through a May 2016 cease-and-desist letter sent by Waterkeeper's counsel. Further, the district court provided Salt with the required notice and opportunity to be heard. He was ordered to show cause why he should not be held in contempt or otherwise sanctioned, he was provided with a hearing on that order, and he failed to appear.

## IV.    Salt's Arguments

Salt argues that the district court did not have the power to impose the contempt order because it did not have personal jurisdiction over him. However, he forfeited this objection by failing to timely assert it in response to the district court's May 2015 order, which specifically enjoined Salt as well as SUW. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) (while an objection to subject matter jurisdiction may be raised at any time, including on appeal, an objection to personal jurisdiction is waivable).[2]

Salt also attacks the district court's May 2015 order enjoining SUW and Salt from using marks owned by Waterkeeper by arguing that he has the right to continue using the Lakekeeper mark through first and continued use. However, the May 2015 order—which we affirmed in a

---

[2] Salt argues in passing that the district court did not have the power to hold him in civil contempt as a non-party. This is not the case. *See Nat'l Labor Relations Bd. v. Hopwood Retinning Co.*, 104 F.2d 302, 305 (2d Cir. 1939) ("It is well settled that [a] command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." (internal quotation marks omitted)).

5

previous appeal, *see Waterkeeper Alliance, Inc. v. Salt*, 714 F. App'x 77 (2d Cir. 2018) (summary order)—is not within the scope of this appeal, as his notice of appeal covered only the October 2, 2017 contempt order.

We have reviewed the remainder of Salt's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court