20-2706-cv
*Gregoire v. Citizens Bank*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

Barrett Gregoire, Linda Gregoire,

*Plaintiffs-Appellants*,

v.                                                                                  20-2706

Citizens Bank, AKA RBS Citizens Bank, Joseph Carelli,

*Defendants-Appellees.*\*

---

FOR PLAINTIFFS-APPELLANTS:     Barrett Gregoire, Linda Gregoire, pro se, Graniteville, VT.

FOR DEFENDANTS-APPELLEES:     Geoffrey W. Millsom, Brenna Anatone Force, Adler Pollock & Sheehan P.C., Providence, RI.

---

\*     The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Barrett and Linda Gregoire, pro se, sued Citizens Bank and its president for violations of 26 U.S.C. § 7434 and 26 C.F.R. § 301.6903-1, and for state law fraud, asserting that the bank had not provided a copy of certain banking records despite numerous requests. The district court dismissed the amended complaint. After judgment was entered, the Gregoires moved to have the district court judge recuse himself. Thereafter, they appealed the judgment dismissing their amended complaint. The district court subsequently denied the recusal motion, but the Gregoires did not file another notice of appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I.     Appellate Jurisdiction

As an initial matter, we have jurisdiction to review the judgment of the district court dismissing the amended complaint. In a civil case, Federal Rule of Appellate Procedure 4(a)(1) requires a party to file a notice of appeal within 30 days of the entry of the judgment or order being appealed, subject to certain exceptions. Fed. R. App. P. 4(a)(1)(A). This requirement is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). However, under Rule 4(a)(4), the time to appeal is tolled when a timely motion for reconsideration is filed. Fed. R. App. P. 4(a)(4)(A). Here, judgment was entered on July 6, 2020, and the Gregoires filed a timely motion under Federal Rule of Civil Procedure 59 on July 21, 2020. This tolled the time to appeal until the district court denied the reconsideration motion on November 30, 2020. Therefore, the notice

2

of appeal, which was filed on August 6, 2020—that is, 31 days after judgment was entered—was timely.

However, a notice of appeal filed prior to an order disposing of a motion listed in Rule 4(a)(4) does not appear to give us jurisdiction to review that later order. *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."). *See also Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 52 (2d Cir. 2020) (holding that we lacked appellate jurisdiction to review a denial of a post-trial motion for recusal on the basis of a notice of appeal filed before that motion was resolved). *And see Sorensen v. City of New York*, 413 F.3d 292, 295–96 & n.2 (2d Cir. 2005) for a full discussion of the jurisdictional issues. In any event, the Gregoires' claim that Chief Judge Crawford was biased because he may have presided over some unspecified aspect of the Gregoires' previous state-court foreclosure proceedings does not require recusal where the issues presented in the instant case do not involve review of the correctness of any prior state court rulings.

## II. Waiver

We affirm the judgment on the basis that the Gregoires waived their remaining claims. Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs

to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Thus, despite affording pro se litigants "some latitude in meeting the rules governing litigation," we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal."). Nor will we usually decide issues that an appellant raises only in passing. *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

The Gregoires have waived all issues on appeal because they failed to raise any arguments concerning the dismissal of their complaint. Instead, their brief consists of a challenge to the district court's denial of their recusal motion which, as discussed above, is not before us due to a lack of appellate jurisdiction and was correctly decided by the district court in any case. Thus, we affirm on this basis that the Gregoires waived their claims. *See LoSacco*, 71 F.3d at 93.

### III. Merits

Even if we did not deem the Gregoires' claims waived, we would still affirm the dismissal of the amended complaint on the merits. "We review the grant of a motion to dismiss *de novo*,

4

accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013).

The Gregoires failed to state a claim under 26 U.S.C. § 7434. Section 7434 states that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). The Gregoires did not allege that either of the defendants filed a fraudulent information return. Instead, they alleged that the bank refused to produce a copy of their bank records. Accordingly, they failed to state a claim under Section 7434.

The district court also properly dismissed the claim under 26 C.F.R. § 301.6903-1 because the Gregoires did not allege sufficient facts to state a claim under that regulation. Section 301.6903-1 requires that a fiduciary notify the district director of the Internal Revenue Service ("IRS") that it is acting as a fiduciary and assuming the powers and duties of the taxpayer for whom it is a fiduciary. 26 C.F.R. § 301-6903-1(a). The Gregoires did not allege that the defendants acted as their fiduciaries, nor that they failed to notify the IRS district director that they were so acting. *See id.* § 301.6903-1(d) (defining fiduciary as "a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person").

Finally, because the district court dismissed the Gregoires' 26 U.S.C. § 7434 and 26 C.F.R. § 301.6903-1 claims, the only claims over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over their state law fraud claim. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may

5

decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).[1]

*       *       *

We have considered all of the Gregoires' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]   We further note that the district court properly declined to address as a separate claim the Gregoires' cause of action for a declaratory judgment.   "The [Declaratory Judgment Act ("DJA")] is procedural in nature, and merely offers an *additional remedy* to litigants."   *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997).   Thus, the DJA "does [not] provide an independent cause of action."   *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) ("[A] court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to . . . relief."). Accordingly, the Gregoires' fourth claim was correctly dismissed.